UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| ROBERT L. WEBER, | **DECISION** |
| | **and** |
| Plaintiff, | **ORDER** |
| v. | |
| KYLE R. ANDREWS, as Administrator of the | |
| Estate of William Gee, | **13-CV-408S(F)** |
| BRYAN DALPORTO, Superintendent of the City of | |
| Niagara Falls Police Department, | |
| CITY OF NIAGARA FALLS, NY, | |
| Defendants. | |

_____

APPEARANCES:   CHIACCHIA & FLEMING, LLP
Attorneys for Plaintiff
ANDREW P. FLEMING, of Counsel
5113 South Park Avenue
Hamburg, New York   14075

SHUTTS & BOWEN LLP
Attorneys for Plaintiff
JANELLE A. WEBER, of Counsel
4301 W. Boy Scout Boulevard, Suite 300
Tampa, Florida   33607

HODGSON RUSS, LLP
Attorneys for Defendants
JOSEPH S. BROWN, of Counsel
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York   14202

In this § 1983 action alleging false arrest, the Second Amended Scheduling Order (Doc. No. 87) ("the Scheduling Order") required dispositive motions be filed by June 1, 2015, but did not set a deadline for completion of expert depositions. In Defendants' opposition, filed May 15, 2015 (Doc. No. 93), to Plaintiff's motion, filed April 13, 2015, to preclude Defendants' in-house experts (Doc. No. 90) ("Plaintiff's motion"),

1

Defendants requested, Doc. No. 93 at 6, an additional 30 days within which to complete expert depositions but did not request an extension of time for filing dispositive motions. Although the Scheduling Order did not set a deadline for expert depositions, Defendants' request was granted in the Decision and Order, filed June 1, 2015 (Doc. No. 95), denying Plaintiff's motion.

At a pretrial conference conducted July 23, 2015, to confirm the case was, in the absence of any dispositive motions having been filed in accordance with the Scheduling Order, ready for trial, Defendants requested the time for filing dispositive motions be extended to permit completion of expert depositions and preparation and filing of a possible dispositive motion (Doc. No. 100) ("Defendants' request"). In support of Defendants' request, Defendants assert that in requesting an enlargement of time to complete expert discovery, Defendants believed Defendants impliedly requested the June 1, 2015 deadline for dispositive motion practice in the Scheduling Order also be enlarged (Doc. No. 101 ¶ 10).

Plaintiff opposes Defendants' request on several grounds (Doc. No. 102). First, Plaintiff points out Defendants failed to timely move to amend the Scheduling Order with respect to the June 1st dispositive motion deadline (Doc. No. 102 ¶ 9). Second, Defendants have failed to provide any evidence of excusable neglect required by Fed.R.Civ.P. 6(b)(1)(B) to justify Defendants' request made well-after the June 1st dispositive motion deadline passed. *Id.* ¶ 18. Third, Plaintiff argues that, although Plaintiff agreed to defer conducting expert depositions until after the court ruled on Plaintiff's motion, Plaintiff did not stipulate to any extension of the June 1st dispositive motion deadline. *Id.* ¶ 11. Fourth, Plaintiff contends further unjustified delay in

preparing the case for trial would prejudice Plaintiff who has prosecuted the case with great diligence.  *Id.* ¶ ¶ 20-21.

In support of Defendants' request, Defendants contend that Defendants' request to extend the period for expert depositions impliedly included a request to extend the June 1st dispositive motion deadline because expert testimony is commonly used in a civil rights case involving alleged police error in effecting an arrest such as alleged by Plaintiff in the instant case.  Doc. No. 101 ¶ ¶ 8-9.  Defendants further assert that in the absence of a resolution of Plaintiff's motion to preclude Defendants' in-house experts and an opportunity to depose all prospective testifying experts any summary judgment motion by Defendants would have been premature, Doc. No. 101 ¶ 10.  However, Defendants do not explain why, based on Plaintiff's expert report served March 2, 2015, Doc. No. 90 at 2, pursuant to Fed.R.Civ.P. 26(a)(2)(A), Doc. No. 90-1, deposition of Plaintiff's expert was a necessary prerequisite to any summary judgment motion directed to the merits of Plaintiff's claim Defendants may have anticipated filing.  Nor do Defendants explain why deposition of Plaintiff's expert (or Defendants' experts) would be necessary as a basis for a possible summary judgment motion by Defendants based on Defendants' qualified immunity affirmative defense (Doc. No. 9 ¶ ¶ 25-27).  Had Defendants believed otherwise, Defendants should have addressed the impending June 1st dispositive motion deadline with a timely motion to amend the Scheduling Order based on a showing of good cause as required by Fed.R.Civ.P. 16(b).  Significantly, Defendants' contentions also overlook that taking an expert's deposition does not necessarily indicate that a summary judgment motion based on such deposition should be anticipated given that the opinions of the moving party's expert would usually be

included in affidavit form in support of summary judgment, not based on the testifying expert's deposition taken by an opposing party.  The same is true as to Defendants' potential attack on Plaintiff's allegation of municipal liability based on the adequacy of Defendant City of Niagara Falls' policies, procedures and training.  *See* Doc. No. 101 ¶ 9.  That Defendants' expert disclosures pursuant to Fed.R.Civ.P. 26(a)(2)(C), served April 1, 2015, Doc. No. 92-2, indicated Defendants' experts would testify regarding the adequacy of Defendant City of Niagara Falls's policies, procedures, and officer training concerning proper arrest procedure establishes Defendants could have sought summary judgment on Plaintiff's claim of principal liability well prior to the June 1st deadline irrespective of Plaintiff's possible request to depose Defendants' experts in order to oppose Defendants' motion pursuant to Fed.R.Civ.P. 56(d)(2) (court may permit additional discovery to enable party to oppose summary judgment).

Even if Defendants' request to extend the period for conducting expert depositions included an implicit request for enlarging the period for filing dispositive motions as Defendants contend, the court did not amend the Scheduling Order to do so, no such motions were filed within the requested 30-day period, and Defendants did not further seek to amend the Scheduling Order with respect to the dispositive motion deadline.  Defendants failure to indicate what, if any, grounds for summary judgment Defendants intended to assert, but could not, by the June 1st deadline, without a deposition of Plaintiff's (or Defendants') experts therefore negates Defendants' assertion, Doc. No. 101 ¶ 10, that it was impracticable for Defendants to file summary judgment motions by the June 1st  deadline without the benefit of the expert depositions

4

Plaintiff had agreed to defer until determination of Plaintiff's motion because Plaintiff would have requested Defendants' experts be deposed before responding.

As such, Defendants have failed to demonstrate that Defendants' request included a request to amend the Scheduling Order to enlarge the time to file dispositive motions, which the court should now approve, until after expert depositions were completed.  Defendants have also failed to demonstrate any good cause or excusable neglect for Defendants' belated request to amend the Scheduling Order.  To overlook these obstacles to granting Defendants the relief requested would be unduly prejudicial to Plaintiff who has proceeded with commendable diligence to obtain an early trial.

## CONCLUSION

Based on the foregoing, Defendants' request to amend the Scheduling Order, Doc. No. 90 at 6, is DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: August 4, 2015
　　　　Buffalo, New York